**In re Linda C. WEARS Charles D. Wears, Jr., Debtors.**

No. 03–50668.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 15, 2003.

Donald E. Wood, Esq., Whitehall, OH, for Debtors.

Frederick L. Ransier, Esq., Columbus, OH, Chapter 7 Trustee.

### OPINION AND ORDER ON APPLICATION FOR TURNOVER AND OBJECTION TO CLAIMS OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the Trustee's Application for Order Requiring Debtors to File Income Tax Returns and Deliver Refund Checks to Trustee ("Turnover Application") and on the Trustee's Objection to the Claims of Exempt Properties ("Exemption Objections"). The Court heard both matters on May 6, 2003.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A),(B) and (E).

### I. Turnover Application

The Court finds that the Turnover Application is no longer contested. The debtors have provided their tax returns to the Trustee and the dispute now centers on the amount claimed as exempt. Accordingly, the Turnover Application is granted, and the Court need not further consider it.

### II. The Exemption Objections

The Trustee objected to three claims of exemption asserted by debtors Linda and Charles Wears. First, the Trustee objected to an amount of $1,200.00 claimed by Charles Wears pursuant to Ohio Rev.Code § 2329.66(A)(5) for certain tools of his trade. The basis for that objection is that $750.00 is the maximum amount available for the cited Ohio tools of the trade exemption.

Next, the Trustee objected to the debtors' claim for an exemption in the amount of $2,800.00 for a 1997 Ford Taurus. That exemption is asserted pursuant to Ohio Rev.Code § 2329.66(A)(2). The Trustee argues that $1,000.00 is the maximum amount permitted by the cited Ohio motor vehicle exemption.

The Trustee also objected to the debtors' claim of a $10,000.00 exemption pursuant to Ohio Rev.Code § 2329.66(A)(12)(c) and (d) for payments being received under a structured settlement of a personal injury claim. The Trustee's objection is that the personal injury was only to Linda Wears and, therefore, only Linda Wears can claim an exemption for that asset in the maximum amount of $5,000.00 permitted by the statute.

In response to those objections and to the Turnover Application, the debtors filed a response and, on March 31, 2003, also

amended their schedules B and C. Schedule B was amended to describe as an asset, for the first time, their expected federal tax refund in the amount of $3,388.00. The Schedule C Exemption List was amended to reduce the tools of the trade exemption to $1,150.00 and to add Ohio Rev.Code § 2329.66(A)(10)(c) as a source. The 1997 Ford was still claimed as exempt to the extent of $2,385.00, and Ohio Rev. Code sections 2329.66(A)(10)(c) and (A)(17) were added as additional sources. The federal tax refund was claimed as exempt in the amount of $3,388.00 under Ohio Rev.Code § 2329.66(A)(4)(a) and (A)(17). In the written response, the debtors further argue that because the vehicle is marital property, they both are entitled to an exemption for it even though the car is titled only to Linda Wears. With regard to the structured settlement, the debtors argue that the additional $5,000.00 claimed represents either loss of future earnings for Linda Wears or a loss of consortium claim for Charles Wears. The injury involved a multiple ankle fracture suffered by Linda Wars.

At the time of the hearing, the parties represented to the Court that the disputes regarding the tools of the trade and the automobile had been resolved. The tools of the trade exemption is to be allowed in the amount of $1,150.00, representing a claim of $750.00 pursuant to Ohio Rev. Code § 2329.66(A)(5) and $400.00 pursuant to the catchall exemption of § 2329.66(A)(18). The automobile exemption is to be limited to $1,000.00 for Linda Wears as she is the sole owner of the vehicle. The disputes that remain relate to the personal injury settlement and the federal tax refund.

■ The Trustee has the burden of showing that an exemption is not properly claimed. Fed. R. Bankr.P. 4003(c). In support of the objection to the exemption claim relating to the structured settlement, the Trustee presented only the Settlement Agreement and Release signed by both debtors on July 23, 1997.

Each debtor then spoke to an understanding of this settlement agreement. That testimony failed to establish that the settlement specifically envisioned compensation for the loss of future earnings for Linda Wears. Although she missed several months of work because of her injury, she returned to her job and worked there for some period before she suffered a separate workplace injury affecting her shoulder. It was that second injury which has prevented her return to work. It is possible that some portion of the settlement intended to compensate Linda Wears for any loss of future income, but there is no such statement in the settlement, and the testimony gave the Court no basis upon which to quantify any such damages.

Charles Wears' assertion of entitlement to a claim of exemption for his loss of consortium and the testimony of both debtors on that subject appeared to substantiate that claim, however. Mr. Wears was a party to the settlement and some portion of it is attributable to his claim. Therefore, the Court will overrule the Trustee's objection and sustain each debtors' right to claim an exemption in the amount of $5,000.00 for that settlement.

■ The final claim–that relating to the tax refund–exemplifies the difficulties inherent in the strict interpretation of the exemption objection process set out by the Supreme Court of the United States in *Taylor v. Freeland*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The Wears did not schedule a federal tax refund in their original Schedule B. Nor did they assert any exemption in that refund in their original Schedule C. Nevertheless, after questioning the debtors at their meeting of creditors, the Trustee deter-

mined to file his Turnover Application. In response, the debtors amended Schedules B and C to set forth the refund and claim an exemption for it. The Trustee failed to object to that amendment and, therefore, under *Taylor*, the debtors became entitled to the exemption.

■■■ At the hearing, the debtors' attorney orally conceded that the debtors seek only the maximum available to them under Ohio Rev.Code § 2329.66(A)(4)(a) and (A)(17). The amount shown and claimed as exempt was $3,388.00 (the total amount of the refund). It appears that both debtors are claiming the exemption, even though only one of them earned wages in 2002. It also appears that part of the (A)(4)(a) exemption has already been used for other assets and that (A)(17) does not relate to a tax refund and is no longer the "catch-all" exemption intended to be claimed. In fact, all of the debtors' claims of exemption are non-specific as to which debtor owns the asset or which is claiming the exemption. Most are asserted in amounts far in excess of the maximum amounts permitted under the various statutory sections. Under the strict interpretation of the time period for objections under *Taylor*, 112 S.Ct. 1644, however, the Court has no discretion regarding such claims where the Trustee has failed to object in a timely fashion. Although the Court considers it unprofessional for a debtor's counsel to prepare exemption claims which are patently not allowable, there may not be a suitable remedy for the impact of such claims on the bankruptcy estate. There was an oral admission that only the maximum available under the statutory cites intended ((A)(4)(a) and (A)(18)) would be pursued. Therefore, the exemption for the federal tax refund will be limited to a total of $1,086.00. That amount comes from a total of $400.00 for each debtor for both (A)(4)(a) and (A)(18)

minus $400.00 previously claimed for the tools of the trade, and $114.00 claimed for other cash-type assets ($20.00 cash, $38.00 checking account and $56.00 common stock). The exemption will be allowed in that amount.

Based on the foregoing, the Trustee's objection to the debtors' claims of exemptions is sustained as to the tools of the trade (allowed by agreement at $1,150.00); sustained as to the automobile; and overruled as to the structured settlement. The exemption in the federal tax refund is allowed to the extent of $1,086.00.

IT IS SO ORDERED.